CHARLES J. SCHUCK, Judge.
Robert Dewey McMillion, a boy ten years of age, while riding a bicycle in and upon a bridge spanning what is known as Cabin creek, near Leewood, Kanawha county, West Virginia, on or about the 14th day of June 1941, was thrown with said bicycle off said bridge into said Cabin creek, by reason of a defect in the flooring of said bridge, there being no guardrails to protect the said infant from falling into the creek as aforesaid. The evidence shows that one of the planks in the floor of the said bridge was loose and elevated at one end from three to four inches above the general bed or floor level of the bridge. The evidence also shows that there were no guardrails on the bridge in question, except that there was a rail about eighteen inches in height on either side of the bridge as the only means of protecting pedestrians or vehicle travel. The evidence shows that the claimant, while riding on his bicycle on the said bridge, on the day in question, in the morning of the said day, struck the said projecting plank and was thrown or catapulted over the said bridge into the creek below, and sustained a fracture of his arm which required hospital and medical treatment for a period of some five or six weeks, during which the claimant suffered, to a greater or lesser degree, by reason of the injury inflicted.
The state attempted to show that the claimant had crossed the bridge on a number of occasions, and knew of the defect in question;' that claimant was obliged to pass over the bridge several times daily on his way to school, and that if he did not notice the defect, he ought to have noticed it because of the numerous times he passed over said bridge. The evidence shows that the defect in question was allowed to remain five or six weeks before the injury to the claimant or before the plank or board was nailed down to be even with the general level or floor of the bridge. The evidence also shows that the work of *164 nailing down the plank or making the necessary repair was done by one who lived near to or adjacent to the bridge and in no way connected with the road commission. The evidence also shows that claimant has fully recovered.
Assuming that the evidence would be such as to sustain the state’s contention, which, however, is not the case, yet the tender age of the claimant would free him from any charge of contributory negligence. Under these circumstances, there is no question in our minds of the liability of the state road commission to compensate the claimant for the damages caused.
The evidence shows conclusively that the father of the infant claimant, who presented this claim, was under no expense whatever, either for hospital or doctors’ services, the said expenses having been covered by his insurance, the premiums of which were not affected in any way by reason of the accident in question. The father, therefore, suffered no loss whatsoever by reason of the accident to his son, and, in our opinion, is not entitled to any part of the award which is hereinafter made.
We are of the opinion, from all the circumstances and the evidence adduced, considering the pain and suffering of the claimant, and the time he was inconvenienced by reason of the injuries in question, that the sum of two hundred and fifty dollars ($250.00) should be paid him as damages; and we recommend an award in the said sum accordingly. We further recommend that this sum be paid to the guardian appointed for the claimant by the proper court, upon the giving of a bond in a sufficient amount to cover the award, and upon the execution of a full and complete release, to be signed by the father and the guardian, showing payment in full settlement of any and all damages that may have resulted by reason of the injury in question.